UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID L. PEARSALL,                    )
                                      )        **02-80306**
                 Plaintiff,           )        **CIV-RYSKAMP**
vs.                                   )
                                      )
                                      )        MAGISTRATE JUDGE
PROUDFOOT CONSULTING COMPANY,         )           VITUNAC
a foreign corporation                 )
                                      )        CIV-MAGISTRATE
                 Defendant.           )
_____)

## C O M P L A I N T

Plaintiff, DAVID PEARSALL, by and through his undersigned attorneys, sues the

Defendant, PROUDFOOT CONSULTING COMPANY, a foreign corporation, and alleges:

1.     Plaintiff brings this action against PROUDFOOT CONSULTING COMPANY, a

       foreign corporation, (hereinafter "PROUDFOOT"), under the Family Medical Leave

       Act, 29 U.S.C. §§ 2611-2619, and Florida law for breach of contract.[1]

### INTRODUCTION

2.     Plaintiff, DAVID PEARSALL at all times material hereto, was a resident of Palm

       Beach County, and is otherwise sui juris.

3.     Defendant, PROUDFOOT,  is a Florida corporation which is in the business of

       owning, managing and operating a consulting firm which specializes in process

       improvement.

4.     PROUDFOOT is located at 1700 Palm Beach Lakes Boulevard, West Palm Beach,

_____

[1]*Plaintiff anticipates amending the lawsuit to include a claim under the Florida Civil Rights
Act, Florida Statute 760 and the Federal Civil Rights Act of 1965, Title VII and is awaiting a right
to sue.*

-1-

which is within  Palm Beach County, Florida, and is otherwise sui juris.

## JURISDICTION & VENUE

5.   The Jurisdiction of this Court is invoked pursuant to the Family Medical Leave Act
     of 1993, 29 U.S.C. §§ 2611-2619.

6.   Venue is proper pursuant to 28 U.S.C. Section 1331 as all the activities giving rise
     to the claims took place in Palm Beach County, Florida.

7.   Supplemental jurisdiction is proper over the state breach of contract claim.

## FACTS

8.   At all times material hereto, Plaintiff, DAVID PEARSALL, was a resident of Palm
     Beach County, Florida.

9.   Plaintiff is informed and believes, and based thereon alleges, that PROUDFOOT,
     a Florida corporation, is, and at all times relevant herein was, a Florida corporation
     which is in the consulting business.

10.  At all times material hereto, the Defendant, was doing business at 1700 Palm
     Beach Lakes Boulevard, Suite 700, West Palm Beach, Florida.

11.  Plaintiff, PEARSALL, began working for PROUDFOOT as a business development
     coordinator on August 20, 1999.

12.  At all times material hereto, Paul Thomas was employed by Defendant as business
     development manager and was Plaintiff's supervisor.

13.  At all times material hereto, Billy Van Ee was employed by the Defendant as human
     resource manager.

14.  At all times material hereto, Stephanie Eisner was employed by the Defendant as
     human resource manager.

15.    In June, 2001, Plaintiff suffered from a serious illness which required medical leave.

16.    On June 4, 2001, Plaintiff advised Stephanie Eisner of the possibility of medical leave and inquired about the company's policy.

17.    The following day, Ms. Eisner advised Plaintiff the number of accrued vacation days he had, and his rights under the company's short and long term disability policies.

18.    At the time Ms. Eisner advised Plaintiff, she was in her last week of her position as a human resource manager and was training Mr. Van Ee.

19.    Prior to June 4, 2001, Plaintiff had discussed his illness with Ms. Eisner and Plaintiff contends that she was otherwise aware that he suffered from a serious illness.

20.    On June 7, 2001, Plaintiff treated with his physician. Plaintiff's physician ordered him on a no work status for a minimum of three weeks.

21.    On June 7, 2001, Plaintiff advised Defendant promptly about his physician's note. Plaintiff spoke directly with Billy Van Ee in human resources.

22.    The following day, on June 8, 2001, Plaintiff attended a conference call with Mr. Van Ee and Worth Wilson, Vice President of Human Resources. In that meeting, Plaintiff was instructed to utilize his accrued vacation time, then short term disability and long term disability, if needed.

23.    At no time during this meeting or thereafter, was Plaintiff presented with any documentation concerning his rights under the Family Medical Leave Act.

24.    At the meeting it was discussed that Plaintiff would be out of work for a minimum of three weeks, but quite realistically, longer. At this point, Plaintiff was told about his rights under the company's long term disability policy. Plaintiff was instructed that after sixty (60) days he would be eligible for long term disability.

25.   Plaintiff treated with his physician regularly while on leave.

26.   At no time did anyone at PROUDFOOT seek a medical release to speak directly with Plaintiff's physician.

27.   While on medical leave, Plaintiff remained in contact with Mr. Van Ee. In fact, Plaintiff advised Mr. Van Ee of his upcoming doctor's appointments. In particular, towards the end of the third week of leave, but before the expiration of the that week, Plaintiff advised Mr. Van Ee that he had a scheduled appointment. This fact is confirmed by a voice mail message sent to Plaintiff from Van Ee, indicating that Van Ee would discuss the Plaintiff's leave after his doctor's appointment on July 12, 2001.

28.   In compliance with Mr. Van Ee's request, Plaintiff presented Van Ee with his doctor's note on July 4, 2001. **(See true and correct copy of said doctor's note attached hereto as Exhibit "A" and incorporated herein by this reference.)**

29.   Pursuant to Plaintiff's discussion with Van Ee, he called Van Ee following his July 12, 2001, appointment and advised that he was released back to work.

30.   On July 13, 2001 Plaintiff received a call from Mr. Wilson requesting his attendance at a meeting on July 16, 2001.

31.   Plaintiff attended the meeting on July 16, 2001,and was told he was terminated.

32.   Plaintiff's termination occurred five (5) weeks of invoking his medical leave.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. §§ 2611-2619

Plaintiff realleges by reference each and every allegation contained in paragraphs 1 through 32, and incorporates the same herein as though fully set forth herein.

33.   Defendant, PROUDFOOT, Plaintiff's employer, is a private sector employer who employs 50 or more employees for at least 20 work weeks in the current or preceding calender year and is engaged in an activity affecting commerce.

34.   Plaintiff works for a covered employer.

35.   Prior to his medical leave, Plaintiff worked for the employer for at least 12 months.

36.   Prior to his medical leave, Plaintiff worked at least 1250 hours over the prior 12 months.

37.   Plaintiff worked at a location where at least 50 employees are employed by the employer within 75 miles.

38.   Plaintiff was entitled to take reasonable leave, not to exceed a total of twelve (12) workweeks of leave during any twelve (12) month period, to care for himself while suffering from a serious illness.

39.   Plaintiff's illness qualifies for leave time and the protections under the FMLA

40.   Defendant interfered with the Plaintiff's exercise of his right to take reasonable leave, as provided under the Family and Medical Leave Act.

41.   Plaintiff provided Defendant with ample documentation and notice in regards to his need for Family Leave.

42.   Plaintiff was terminated from his job while on Leave for a qualified reason.

43.   As a further and direct proximate result of the Defendant's violation of the Family Medical Leave Act, as heretofore described, Plaintiff has been compelled to retain the services of counsel.

44.   Plaintiff requests that reasonable attorneys' fees and costs be awarded pursuant to the Family Medical Leave Act. 29 U.S.C. 2617.

WHEREFORE, the Plaintiff respectfully requests damages against the Defendant, in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute; interest on the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute; an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statute; such equitable relief as may be appropriate, including employment, reinstatement, and promotion; reasonable attorney's fees, reasonable expert witness fees, and other such costs of the action; and such other relief as this court deems appropriate under the circumstances.  Plaintiff furthermore demands trial by jury.

**COUNT II**
**BREACH OF CONTRACT**

Plaintiff realleges by reference each and every allegation contained in paragraphs 1 through 32, and incorporates the same herein as though fully set forth herein.

45.    This is an action for compensatory damages, which is within the jurisdiction of this Court.

46.    Plaintiff was entitled to commission during his employment. The payment of commissions was governed by a signed agreement dated April 6, 2000, and amended on June 7, 2002. **(See Commission documents attached hereto as Exhibit "B" and "C", respectively).**

47.    Pursuant to Exhibit "B", Plaintiff was to receive 0.5% of the cash collected for all new sales and repeat sales.

-6-

48. After Exhibit B was amended by Exhibit C, Plaintiff raised an issue as to ambiguity about the payment of commission upon separation from the company.

49. His concerns was addressed by Paul Thomas of the Defendant's company. He was told that the change to the commission program did not affect the payment. **(See e-mail attached hereto as Exhibit "D").**

50. Based on the representations made to Plaintiff, he signed the Exhibit.

51. At the time of separation, Plaintiff was owed $16,000.00 in accrued commissions. In addition, Plaintiff was entitled to a guaranteed incentive of $7,500.00.

52. To date, the Defendant, has failed to pay Plaintiff monies due and owing under the agreement.

53. As such, Plaintiff is seeking damages from Defendant for breach of contract and wages owed.

54. The Defendant, has failed to perform their obligations under the Agreement, in that PROUDFOOT failed to pay Plaintiff commissions.

55. Plaintiff has performed all conditions precedent during his employment.

56. As a result of Defendant's breach of contract, Plaintiff has suffered compensatory damages and will continue to suffer said damages in the future.

57. Plaintiff requests that Defendant make Plaintiff whole, under the contract by paying damages to Plaintiff.

58. The monies Defendant owed are "wages" as defined under Florida Statute Section 448.

59. During the course of Plaintiff's employment with the Defendant, Plaintiff met the terms of his employment.

60.     As a further and direct proximate result of the Defendant's failure to indemnify the Plaintiff for money due and owing,   Plaintiff has been compelled to retain the services of counsel  and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

61.     An award of reasonable attorneys' fees and costs is appropriate pursuant to Florida Statutes §448.08.

WHEREFORE, the Plaintiff, hereby demands from the Defendant, compensatory damage, including interest, cost and reasonable attorneys' fees and hereby demands trial by jury for all matters triable by a jury as a matter of right.

### COUNT III
### PERCEPTION OF DISABILITY IN VIOLATION
### OF THE AMERICANS WITH DISABILITY ACT (ADA) OF 1990

Plaintiff realleges by reference each and every allegation contained in paragraphs 1 through 32, and incorporates the same herein as though fully set forth herein.

62.     Plaintiff suffers from a qualifying disability as defined by the Americans with Disability Act (ADA).

63.     Defendant is an employer as defined under the Americans with Disability Act (ADA).

64.     Defendant employs more than fifteen (15) or more employees during a twenty (20) calendar week period of time.

65.     Defendant is engaged in interstate commerce

66.     Plaintiff PEARSALL was discharged shortly after the Defendant learned of his disability.

-8-

67.   Plaintiff was discharged on July 16, 2001.

68.   Defendant discharged Plaintiff based on their erroneous perception that Plaintiff was wholly disabled and unable to perform the essential functions of his job.

69.   At the time of the discharge, Plaintiff was capable of performing the essential functions of his job, with or without accommodations.

70.   The Defendant's alleged reason for terminating Plaintiff was that he did not stay in contact while he was out on medical leave is pretextural.  The true motivating reason behind the Dependant's discharge of Plaintiff was discriminatory, in that they believed Plaintiff was unable to perform the essential functions of the job and/or erroneously perceived Plaintiff to suffer from a disability which limited one or more of his major life functions.

71.   Prior to Plaintiff's discharge, Defendant has discharged other employees after learning of their disability.

72.   Defendant terminated Plaintiff PEARSALL after learning he suffered from a disability.

73.   Defendant terminated PEARSALL because he suffered from a disability and/or because Defendant perceived him as suffering from said disability.

74.   Defendant's conduct violates the Americans with Disability Act (ADA), 42 U.S.C. §12101, et seq. 1990.

75.   Defendant, as a direct and proximate result of their actions, caused Plaintiff to suffer harm.

76.   By and through the conduct described in this Count, Defendant permitted a pattern and practice of unlawful discrimination by subjecting the Plaintiff to discriminatory

treatment on the basis of his disability in violation of 42 U.S.C. §12101, et seq., 1990.

77.   During the course of Plaintiff's employment with the Defendant, the Defendant knew or should have known that Plaintiff was being subjected to unlawful discrimination.

78.   Despite said knowledge, Defendant failed to act and failed to redress the discriminatory work place.

79.   As a result of the Defendant's conduct, Plaintiff has suffered damages.

80.   As a result of the Defendant's violation of the ADA, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship, and therefore has incurred and will continue to incur legal fees and costs, the full nature and extent of which are not presently known.

81.   Plaintiff requests that his attorney's fees and costs be awarded pursuant to 42 U.S.C. §12101 et seq., 1990.

82.   Plaintiff filed a Charge of Discrimination with the Office of Equal Employment Commission (EEOC) alleging violations of the Florida Civil Rights Act 760, as well as the Americans with Disability Act (ADA), based on unlawful disability discrimination.

83.   Plaintiff received a Right to Sue Notice dated March 29, 2002. **(See the Right to Sue Notice dated March 29, 2002 attached hereto as Exhibit "E").**

84.   Plaintiff has exhausted all procedural requirements prior to filing this claim.

WHEREFORE, the Plaintiff, hereby demands from the Defendant, compensatory damage, including interest, cost and reasonable attorneys' fees and hereby demands trial by jury for all matters triable by a jury as a matter of right.

Dated this _____ day of April, 2002.

> CATHLEEN SCOTT, P.A.
> The Comeau Building
> 319 Clematis Street, Suite 804
> West Palm Beach, FL 33401
> Telephone : 561-653-0008
> Facsimile : 561-653-0020
>
> _____
> CATHLEEN SCOTT, ESQUIRE
> Florida Bar No.: 135331

DEA # BF3275270

BOCA RATON PSYCHIATRIC GROUP, P.A.
BRIAN J. FELDMAN, M.D.
DIPLOMATE AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY
7284 W. PALMETTO PARK RD.                    2828 S. SEACREST BLVD.
          SUITE 201S                              SUITE 212
BOCA RATON, FL 33433                    BOYNTON BEACH, FL 33435
          OFFICE: 561-368-8008   FAX-561-392-9170

NAME _Pearsall, David_____

ADDRESS _____ DATE _7/12/01_

℞ _(Please Print)_

To whom it May
Concern -
David Pearsall is
psychiatrically cleared
to return to his Job
Monday 7/16/01

☐ LABEL

REFILL _____ TIMES   PRN   NR _____   M.D. ____

_____ M.D.

TO INSURE BRAND NAME DISPENSING, PRESCRIBER MUST WRITE "MEDICALLY NECESSARY"
ON THE PRESCRIPTION.

02-NOV-00                                    04-109477052-6-21990_0013

EXHIBIT _A_

## ADDENDUM TO EMPLOYMENT AGREEMENT

This is an Addendum to the Employment Agreement between Proudfoot Consulting Company (the "Company") and **David Pearsall** (the "Employee") dated **01 January 2000**. The commission program is as follows:

### COMMISSON STRUCTURE

Employee will earn a commission of .50% (1/2 of 1%) for "New Sales" and .50% (1/2 of 1%) on all repeat sales when the sale proceeds are collected by the Company. A bonus of $2,500 will be paid for a sale over one hundred (100) manweeks, once the project has collected the initial six (6) weeks of project billing. Commissions are payable only on accounts generated from the Employee's telemarketing efforts. The Company reserves the right to make that determination.

Proceeds from business reviews, support services are not commissionable. The Company, in the sole discretion of Executive Management, determines when the Employee is responsible for participation in a sale.

Commissions will be calculated on a quarterly basis and payment will be made within four weeks of that commission calculation review.

Employee will not earn a commission on any amount received by the Company on a New Sale after the date on which the employee's active employment ceases regardless of whether the employee is entitled to notice of termination or payment in lieu of notice.

**Proudfoot Consulting Company**

BY: _____          Date:_____
    R. Todd Newton
    Executive Vice President

**EMPLOYEE**

BY: _____          Date: 8/6/00
    David Pearsall

EXHIBIT E

## ADDENDUM TO EMPLOYMENT AGREEMENT

This is an Addendum to the Employment Agreement between Proudfoot (USA) Company (the "Company") and David Pearsall (the "Employee") dated April 1, 2001. The program is as follows:

### BDC BONUS PROGRAM

**BONUS:**  Bonuses will be paid quarterly, in arrears. You must be employed on date of payment to receive the bonus.

- Bonuses will be based on the monthly average of meetings per week held
- $0 for average of < 3 meetings
- $90 for average of 3 meetings
- $300 for average of 4 meetings
- $450 for average of 5 meetings
- $120 for each additional meeting per week in excess of five

**BUSINESS REVIEWS OPENED:**
- Bonus of $300 for business review that opens
- M1 must be set by BDC

**BONUS BASED ON GO-AHEAD SIZE:**
- $750 for go-ahead less than 100 manweeks
- $3,000 for go-ahead more than 100 manweeks
- Payment dependent on job staying open for 10 weeks
- M1 must have been set by BDC

**COMMISSIONS:**  Commissions are paid quarterly, in arrears. You must be employed on day of payment to receive commission.
- 0.5% on manweek fees collected from the client.
- Based on go-ahead origination from M1 set by BDC

**KICKERS:**
- When annual bonus exceeds three-quarters of base salary, bonus of $7,500
- When annual bonus exceeds one and a half times base salary, additional bonus of $7,500

**PROUDFOOT (USA) COMPANY**

By: _Worth Wilson_                     Date: _June 7 2001_
Worth Wilson
Vice President, Human Resources

**EMPLOYEE**
By: _____                  Date: _June 7, 2001_

David Pearsall

EXHIBIT C

**Pearsall, David**

| | |
|---|---|
| **From:** | Pearsall, David |
| **Sent:** | Wednesday, May 30, 2001 3:25 PM |
| **To:** | Thomas, Paul |
| **Subject:** | per your request |

As we discussed.  There is one part of the addendum to the BDC employment agreement that I would like clarification on before I sign it.

It falls under the heading <u>COMMISSIONS</u>:  It reads as follows:
"Commissions are paid quarterly, in arrears. You must be employed on day of payment to receive commission."

This is how my current employment agreement reads:
"Employee will not earn a commission on any amount received by the Company on a New Sale after the date on which the employee's active employment ceases regardless of whether the employee is entitled to notice of termination or payment in lieu of notice."

Using July 1, 2001 as an example of my last day of employment.  Under the new agreement I would be due no commissions, not even my earned commissions.  Under the old agreement I would be due in the neighborhood of $16,000.00.  even though I would lose out on all future commissions billable, but not collected

Also my old agreement is very specific on when commission is earned, i.e. "...when the sale proceeds are collected by the company..."  The new agreement just says "on projects."

Your attention to this matter is greatly appreciated.

Dave



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
### (ISSUED ON REQUEST)

| To: | From: |
|---|---|
| Mr. David L. Pearsall<br>112 Bravado Lane, Unit 3<br>Palm Beach Shores, FL 33404 | **Miami District Office**<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida  33131-1805** |
| ☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150 A2 01165 | Acacia Gomez, Investigator | (305) 530-6451 or (305) 536-4491 |

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

*(signature)*

MAR 2 9 2002
_____
(Date Mailed)

Federico Costales, District Director

Enclosures
 Information Sheet
 Copy of Charge

cc:  Mr. Wilson Worth
 Director of Human Resources
 Proudfoot Consulting
 11621 Kew Gardens Ave., Suite 200
 Palm Beach Gardens, FL 33410

 Ms. Cathleen Scott, Esquire
 Law Offices of Cathleen Scott, P.A.
 The Comeau Building
 319 Clematis Street, Suite 804
 West Palm Beach, FL 33401

EXHIBIT E

EEOC Form 161-B (10/96)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

David L. Pearsall

**DEFENDANTS**

Proudfoot Consulting Company, a foreign corporation,

02-80306
CIV-RYSKAMP
MAGISTRATE JUDGE
VITUNAC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AHLEEN SCOTT, PA
319 CLEMATIS ST.
SUITE 804
(561)653-0008   WEST PALM BEACH, FL 33401

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH) MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FMLA, U.S.C. §§ 2611-2619, and florida law for breach of contract, & ADA of 1990, 42 U.S.C. § 12101, et seq.

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE  2/8/02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 716084   AMOUNT $150.00   APPLYING IFP _____   JUDGE Ryskamp   MAG. JUDGE Vitunac